UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KEVIN LEE DIXIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 1:12-CV-113 PS |
| vs. | ) |
| | ) |
| WELLS FARGO BANK OF INDIANA, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Kevin Lee Dixie, a *pro se* plaintiff, filed an amended complaint pursuant to 42 U.S.C. § 1983. (DE 5.) He also moves for leave to proceed *in forma pauperis.* (DE 2.) Under the *in forma pauperis* statute, I must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In determining whether the complaint states a claim, I apply the same standard as when addressing a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). In evaluating whether a complaint is frivolous for purposes of the *in forma pauperis* statute, I need not "accept without question the truth of the plaintiff's

allegations." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Instead, the statute "accords judges not only the authority to dismiss a claim based on an undisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This includes allegations that are "fantastic" or "delusional." *Id.* at 328.

Applying those principles here, I note that this is Dixie's second attempt to state his claims. His original complaint was stricken based on numerous deficiencies, and I provided him with specific instructions about what information he needed to provide in his amended complaint. (DE 3.) His amended complaint is not a model of clarity either, but it is clear that Dixie's claims arise from a dispute between himself and Wells Fargo Bank. He claims in essence that bank employees initially refused to close his account at his request, and then continued to contact him without his permission after his account was closed. (DE 5.)

A private company and its employees cannot be sued for constitutional violations, because the Constitution only protects against actions by defendants acting under color of state law. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822-23 (7th Cir. 2009). "When a plaintiff brings a section 1983 claim against a defendant who is not a governmental official or employee, the plaintiff must show that the private entity acted under color of state law." *Id.* at 822. In certain limited circumstances a private company may be deemed to have acted under color of state law where it acted in concert with a state actor. *Id.* at 823. Here, however, Dixie does not specifically allege, nor can it be plausibly inferred from the complaint, that bank employees conspired with a state actor to deprive him of his constitutional rights. Although Dixie mentions the Federal Bureau of Investigation in his amended complaint, he appears to claim that *he* made a report to the FBI after

observing someone following him out of the bank. (DE 5 at 2.) Even if he is alleging that someone from the bank made a report to the FBI about him, this alone would not transform the bank or its employees into state actors. *See Wilson v. McRae's, Inc.*, 413 F.3d 692, 693-94 (7th Cir. 2005) (department store was not a state actor and could not be sued under 42 U.S.C. § 1983 based on an incident in which store employees accused the plaintiff of theft and called police, resulting in his arrest). Since there is no plausible basis for inferring the existence of a conspiracy, Dixie cannot sue the private actors named as defendants for constitutional violations under 42 U.S.C. § 1983.

For these reasons, the motion for leave to proceed *in forma pauperis* (DE 2) is **DENIED** and the amended complaint (DE 5) is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**SO ORDERED.**

ENTERED: May 14, 2012

　　　　　　　　　　　　　　　　　　　　　s/ Philip P. Simon
　　　　　　　　　　　　　　　　　　　　　PHILIP P. SIMON, CHIEF JUDGE
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT